**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No. 10-16238 |
| Plaintiff - Appellee, | D.C. No. 2:07-cv-00506-LDG-RJJ |
| v. | MEMORANDUM[*] |
| GERALD LEVINE and MARIE LEVINE, | |
| Defendants - Appellants, | |
| and | |
| WIRE TO WIRE, INC.; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, Senior District Judge, Presiding

Submitted December 6, 2011[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: TROTT and BEA, Circuit Judges, and PALLMEYER, District Judge.[***]

This is an appeal from a motion for summary judgment; the facts are not repeated as the parties are familiar with them. We affirm.

The Levines waived the argument that their fraudulent conduct outside the United States is not covered by the securities laws, as the Levines never brought this argument before the district court such that the district court could rule on it. *Abogados v. AT&T, Inc.*, 223 F.3d 932, 937 (9th Cir. 2000). Even were this argument not waived, the Securities Act governs the Levines' sales because the actual sales closed in Nevada when Marie Levine received completed stock purchase agreements and payments. *Morrison v. National Australia Bank, Ltd.*, 130 S. Ct. 2869 (2010).

No reasonable jury could find otherwise than that Gerald Levine was directly and personally involved in the material misrepresentations and omissions in connection with the sales of securities occurring in the Barcelona boiler room. *See In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 383 (9th Cir. 2010). Similarly, there is no evidence to contradict that Marie Levine consummated the sales initiated in the Barcelona boiler room and that she failed to make material

---

[***] The Honorable Rebecca R. Pallmeyer, District Judge for the U.S. District Court for Northern Illinois, sitting by designation.

2

disclosures to the buyers of securities. While the Levines argue that one deponent is not credible because he had previously pleaded guilty to securities fraud, the Levines did not argue below that this deponent's previous conviction affected his credibility—the Levines instead argued below that his previous conviction was irrelevant. Therefore, because their argument that the deponent's evidence lacked credibility was not raised before the district court, it is waived. *Abogados*, 223 F.3d at 937. In any case, the Levines do not present evidence contrary to that presented by the government. Impeachment evidence as to such deponent alone is not sufficient to create a genuine issue of material fact. *See Grupo Gigante SA De CV v. Dallo & Co., Inc.*, 391 F.3d 1088, 1099 (9th Cir. 2004) ("One survey that is impeachable, but still good enough to get to a jury, weighed against no survey evidence at all on the other side, along with all the other evidence in the record, does not necessarily add up to a genuine issue of fact."). Therefore, the district court correctly granted summary judgment.

Finally, the district court did not err in its calculation of disgorgement. The SEC offered evidence of the revenue generated by the sales of JRS and Nu Star stock, meeting its initial burden to present a disgorgement figure that "reasonably approximates the amount of unjust enrichment." *SEC v. Platforms Wireless Intern. Corp.*, 617 F.3d 1072, 1096 (9th Cir. 2010) (internal quotation marks omitted).

3

Total proceeds are a "reasonable approximation of the profits obtained from the unlawful sales." *Id.* After the SEC presented a reasonable approximation, the burden shifted to the Levines to rebut this figure, and they offered no evidence to do so. *Id.*

**AFFIRMED.**